Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>SDBOTOX MSO, LLC, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **'25CV3803 JLS BLM**<br><br>**COMPLAINT FOR**<br>**(1) COPYRIGHT INFRINGEMENT**<br>**(2) FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

1
**COMPLAINT**

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the State of California, Defendant's acts of infringement were directed towards the State of California, Defendant caused injury to Plaintiff within the State of California, and Defendant has a physical presence in the State of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer by trade.

6. Defendant, SDBotox MSO, LLC ("SDBotox" or "Defendant") is a California limited liability company with a principal place of business in San Diego, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes, and on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are

ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

**FACTUAL ALLEGATIONS**

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

10. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Millie, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

11. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from her work without permission.

12. Tamara Williams is the sole author and exclusive rights holder to a close-up beauty photograph of a brunette model, which is the subject of this suit ("Millie Photograph").

3
**COMPLAINT**

13. Attached hereto as Exhibit A is a true and correct copy of Millie Photograph.

14. Tamara Williams registered Millie Photograph with the United States Copyright Office under Registration Number VA 2-197-150 with an Effective Date of Registration of February 5, 2020.

15. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate VA 2-259-542.

16. Defendant SDBotox is a spa offering aesthetic services such as Botox, filler, facials, and general wellness services. *See generally* sdbotox.com.

17. SDBotox manages, operates, and controls the Instagram account @sdbotox www.instagram.com/sdbotox ("Defendant's Instagram Account").

18. The profile image on Defendant's Instagram Account is the SDBotox brand logo ("SDBotox Logo").

19. Attached hereto as Exhibit C is a true and correct copy of Defendant's Instagram Account, showing the SDBotox Logo as their profile image.

20. On information and belief, Defendant's Instagram Account generates content to promote Defendant's service offerings, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

21. On or about August 23, 2024, Tamara Williams discovered her Millie Photograph copied and published on Defendant's Instagram with text added which

4
**COMPLAINT**

reads "$100 OFF JUVEDERM," and a caption stating "Take advantage of our February Specials starting today! Offers expire 2/29" ("Infringing Post").

22. Attached hereto as Exhibit D are true and correct screenshots of Defendant's Instagram Account showing the Infringing Post.

23. In the bottom left corner of the Mille Photograph in the Infringing Post, SDBotox has added the SDBotox Logo.

24. Attached hereto as Exhibit E is a true and correct screenshot of the Infriniing Post, with the SDBotox Logo highlighted.

25. Tamara Williams has never at any point granted SDBotox a license or other permission to copy, display, distribute, or otherwise use the Millie Photograph in the Infringing Post on Defendant's Instagram account or elsewhere.

26. SDBotox, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Millie Photograph to Defendant's Instagram Account without Tamara Williams' consent or authorization.

27. SDBotox, including their agents, contractors or others over whom they have responsibility and control, used, displayed, published, and otherwise held out to the public Williams's original and unique Millie Photograph in order to acquire a direct financial benefit, through revenue from the sales of Defendant's services.

28. Defendant's use of the Millie Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Millie Photograph on Defendant's Instagram Account or in any other way.

5
**COMPLAINT**

29.     The purpose of Defendant's Infringing Use was to promote Defendants' services by providing visual content in the form of a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved with Defendant's services.

30.     Soon after discovering the Infringing Post, Tamara Williams, through counsel, reached out to Defendant to have the Millie Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

31.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully set forth herein.

32.     Williams owns a valid copyright in the Millie Photograph.

33.     Williams registered the Millie Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

34.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Millie Photograph.

35.     Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Millie Photograph to Defendant's Instagram Account without Tamara Williams' consent or authorization.

36.     Defendant, including its employees, agents, contractors or others over whom it has responsibility and control, willfully uploaded the Millie Photograph onto

Defendant's Instagram Account because Defendant knew it did not have permission to use the Millie Photographs.

37. Defendant willfully infringed upon Plaintiff's copyrighted Millie Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Millie Photograph without Plaintiff's consent or authority, by using it in the Infringing Post.

38. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

39. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

## SECOND CAUSE OF ACTION
## FALSE COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202(a)

40. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully set forth herein.

41. Defendant, including it's employees, agents, contractors, or others over which it had responsibility and control, knowingly and intentionally provided false copyright management information by including the SDBotox Logo on the Millie Photograph in the Infringing Post.

42. Defendant made an unauthorized copy of the Millie Photograph, and

knowing it was not the rightful owner and did not have permission from the copyright holder, added the SDBotox Logo to the Millie Photograph before publishing the Infringing Post to Defendant's Instagram Account.

43. Defendant distributed false copyright management information when it published the Millie Photograph with the SDBotox Logo in the Infringing Post on the Defendant's Instagram Account.

44. Defendant added the SDBotox Logo to the Millie Photograph for the purpose of indicating, enabling, facilitating, and/or concealing their infringement of the Millie Photograph.

45. Defendant added the SDBotox Logo to intentionally mislead viewers and consumers into believing that the Millie Photograph was rightfully owned by SDBotox, and that the Millie Photograph was a representation of results gained through the use of SDBotox's services.

46. Defendant's conduct was knowing and intentional because it knew or should have known that it did not have permission to display, copy, or in any way alter the Millie Photograph, including by adding the SDBotox logo, because it knew or should have known that it did not have permission to use Plaintiff's copyrighted Millie Photograph.

47. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a).

48. As a result of Defendant's violations of 17 U.S.C. § 1202(a), Plaintiff has sustained significant injury and irreparable harm.

49. As a result of Defendant's violations of 17 U.S.C. § 1202(a), Plaintiff is entitled to any actual damages and profits attributable to the violation of 17 U.S.C. § 1202(a), or in the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Millie Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For a finding that Defendant intentionally distributed false copyright management information on the Millie Photograph without the authority of the copyright owner or law pursuant to 17 U.S.C. § 1202(a);

- For an award of statutory damages for each violation of § 1202(a), pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: December 29, 2025                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

Dated:     December 29, 2025           Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**COMPLAINT**